UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTS AUTHORITY, LLC,<br><br>       Plaintiff,<br>  -against-<br><br>DANIEL BEYDA,<br><br>       Defendant. | Civil Action No.:<br>23-cv-7656 (NCM) (VMS)<br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES OF DEFENDANT**<br>**<u>DANIEL BEYDA</u>** |

Defendant Daniel Beyda ("Defendant"), by and through undersigned counsel, Abrams Fensterman, LLP, answers the Complaint filed by Plaintiff, Parts Authority, LLC ("Plaintiff") on October 13, 2023 (the "Complaint"), as follows:

To the extent that any specific allegation in the Complaint is not addressed, that allegation is denied. To the extent the Complaint states legal conclusions and/or legal arguments and/or summarizes Plaintiff's theory of its case, no responsive pleading is required, and Defendant denies the same. To the extent the Complaint asserts allegations directed against parties other than Defendant, no responsive pleading is required by Defendant, and Defendant denies the same.

For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Defendant denies any actionable or wrongful conduct, and respectfully states as follows:

### <u>NATURE OF THE ACTION</u>

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

1

**THE PARTIES**

3.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4.     Defendant admits the allegations contained in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5.     Paragraph 5 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.     Paragraph 6 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8.     Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.     Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint that Plaintiff, Coney Island Auto Holdings Corp. ("Coney Island Auto"), Coney Island Auto Parts Unlimited Inc., Chester Auto Parts, Inc., Boulevard Parts LLC, American International Auto Parts Inc., 72-24 Auto Parts LLC, Mileed Auto Parts Inc., and Richmond Terrace Auto Parts Inc., on the one hand, and Plaintiff, on the other hand, entered into an Asset Purchase Agreement ("APA") on or

about July 8, 2021; Paragraph 11 of the Complaint purports to describe the contents of the APA to which no response is required, and Defendant respectfully refers the Court to the APA for a true and complete statement of its contents.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint that Plaintiff and Defendant entered into an Employment Agreement on or about July 8, 2021 ("Employment Agreement"); Paragraph 12 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents.

13.     Paragraph 13 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents.

14.     Paragraph 14 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents.

15.     Paragraph 15 of the Complaint purports to describe the contents of "Plaintiff's employment and other policies in effect during Defendant's employment" to which no response is required, and Defendant respectfully refers the Court to those referenced document(s) for a true and complete statement of their contents.

16.     Paragraph 16 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents.

17.     Paragraph 17 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the

3

Court to the Employment Agreement for a true and complete statement of its contents.

18.    Paragraph 18 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents.

19.    Paragraph 19 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents.

20.    Paragraph 20 of the Complaint purports to describe the contents of the APA and the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to those agreements for a true and complete statement of their contents.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint, except avers that until January 2022, at the explicit direction of Plaintiff's management and against the express will of Defendant, Defendant and persons directed by Defendant invoiced, shipped, and received payment on behalf of Plaintiff under the Coney Island-legacy name, that payment for such invoices were remitted to Defendant's legacy bank account, that as of on or about January 2022, invoices were sent under Plaintiff's name, that Plaintiff began receiving payments directly, that although some customer payments continued to be remitted to Coney Island's legacy bank account controlled by Defendant, such customer payments had previously been remitted to Coney Island Auto's bank account at the direction of Plaintiff and against the express will of Defendant, and therefore some of those payments continued to be made in that manner but not at the direction of Defendant.

21.    Paragraph 21 of the Complaint purports to describe the contents of a letter dated and sent on June 22, 2022, to which no response is required, and Defendant respectfully refers the

4

Court to that document for a true and complete statement of its contents.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to describe the contents of the APA to which no response is required, and Defendant respectfully refers the Court to the APA for a true and complete statement of its contents. To the extent a response is required, Defendant denies the allegations contained in Paragraph 24 of the Complaint, except admits that Plaintiff paid Defendant $3 million in or about September 2021,avers that Defendant made such payment approximately thirty days late and only after Coney Island Auto made a legal demand for such payment, and further avers that Defendant raised with and demanded of Plaintiff amounts due and owing by Plaintiff to Coney Island Auto pursuant to the APA, including the Holdback Amounts due under the APA.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies knowledge and information sufficient to form a belief as to the allegation contained in Paragraph 26 of the Complaint that Plaintiff "initiated a loss prevention investigation" and when such "investigation" was purportedly initiated. Plaintiff denies the remaining allegations in Paragraph 26 of the Complaint, except admits that on or about June 7, 2022 Coney Island Auto issued to Plaintiff a Notice of Default and Demand for Payment for amounts due and owing by Plaintiff to Coney Island Auto under the APA, and Defendant respectfully refers the Court to that document for a true and complete statement of its contents.

27. Paragraph 27 of the Complaint purports to describe the contents of a lawsuit commenced by Coney Island Auto against Plaintiff in the Supreme Court, New York County to which no response is required, and Defendant respectfully refers the Court to the documents filed in that lawsuit for a true and complete statement of their contents. To the extent a response is

5

required, Defendant admits that on or about June 15, 2022, Coney Island Auto commenced a lawsuit against Plaintiff in the Supreme Court, New York County.

28.     Paragraph 28 of the Complaint purports to describe the contents of a June 22, 2022 "termination notice" to which no response is required, and Defendant respectfully refers the Court to that document for a true and complete statement of its contents.  To the extent a response is required, Defendant admits that his last day of employment with Plaintiff was June 23, 2022.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint, except admits that on June 23, 2022, Defendant arrived at his office at approximately 6 a.m., and avers that he would typically arrive at his office at that hour.

30.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint, and avers that the desktop computer located in Defendant's office was Defendant's personal property, that following the acquisition of Coney Island Auto by Plaintiff, Plaintiff's CEO and Defendant agreed that Defendant could use his personal desktop computer for both business and personal use, and further avers that Defendant was entitled to remove that computer along with his other personal property from his office without Plaintiff's authorization.

32.     Paragraph 32 of the Complaint purports to describe the contents of an agreement entered into between Plaintiff and Defendant related to possession and review of the contents of Defendant's computer to which no response is required, and Defendant respectfully refers the Court to that agreement for a true and complete statement of its contents.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint, except admits that Defendant, in a show of good faith, agreed to Plaintiff's demand to enter into an

6

agreement for the review of the contents of Defendant's personal desktop computer.

33.     Paragraph 33 of the Complaint purports to describe the contents of the APA to which no response is required, and Defendant respectfully refers the Court to the APA for a true and complete statement of its contents.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint purports to describe the contents of a Court order issued in the lawsuit commenced by Coney Island Auto in the Supreme Court, New York County to which no response is required, and Defendant respectfully refers the Court to that Order for a true and complete statement of its contents.  Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint, except admits that almost all of the data allegedly "deleted" was never lost and is in the possession of Plaintiff, and further avers that the computer at issue was, at all times, the personal property of Defendant.

36.     Paragraph 36 of the Complaint purports to describe the contents of a letter dated and sent on June 19, 2023, to which no response is required, and Defendant respectfully refers the Court to that document for a true and complete statement of its contents.  Paragraph 36 of the Complaint also purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Complaint.  To the extent a response is required,

7

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint, except admits that, following the execution of the APA and the Employment Agreement, Defendant continued to use the email address "danny@ciapgroup.com" because some Coney Island customers continued to use that email address and Defendant was required to respond to them, the fact of which Plaintiff was aware because Defendant notified Plaintiff of that fact, and further avers that Defendant repeatedly requested that Plaintiff link the email address "danny@ciapgroup.com" with his email issued by Plaintiff so that Plaintiff would have access to all emails sent to the email address "danny@ciapgroup.com," but that Plaintiff failed to do so.

44.     Paragraph 44 of the Complaint purports to describe the contents of the Employment Agreement to which no response is required, and Defendant respectfully refers the Court to the Employment Agreement for a true and complete statement of its contents. Paragraph 44 of the Complaint further purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## <u>FIRST CAUSE OF ACTION</u>
### (Declaratory Judgment)

45.     Defendant repeats and realleges all responses contained in Paragraphs 1 through 44 of this answer as if more fully set forth hereat.

46.     The allegations contained in Paragraph 46 of the Complaint concern a Cause of

8

Action that has been dismissed by the Court with prejudice, as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    The allegations contained in Paragraph 47 of the Complaint concern a Cause of Action that has been dismissed by the Court with prejudice, as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    The allegations contained in Paragraph 48 of the Complaint concern a Cause of Action that has been dismissed by the Court with prejudice, as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.    The allegations contained in Paragraph 49 of the Complaint concern a Cause of Action that has been dismissed by the Court with prejudice, as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Violation of the Faithless Servant Doctrine)**

50.    Defendant repeats and realleges all responses contained in Paragraphs 1 through 49 of this answer as if more fully set forth hereat.

51.    Paragraph 51 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.    Paragraph 52 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendant

9

denies the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

54.     Defendant repeats and realleges all responses contained in Paragraphs 1 through 53 of this answer as if more fully set forth hereat.

55.     Paragraph 55 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.

56.     Paragraph 56 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 58 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

59.     Defendant repeats and realleges all responses contained in Paragraphs 1 through 58 of this answer as if more fully set forth hereat.

60.     Paragraph 60 of the Complaint purports to set forth legal arguments and/or legal

10

conclusions to which no response is required.

61.      Paragraph 61 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.      Paragraph 62 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.      Paragraph 63 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.      Paragraph 64 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 64 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Conversion)

65.      Defendant repeats and realleges all responses contained in Paragraphs 1 through 64 of this answer as if more fully set forth hereat.

66.      Paragraph 66 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.

67.      Paragraph 67 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.      Paragraph 68 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant

11

denies the allegations contained in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.    Paragraph 71 of the Complaint purports to set forth legal arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 71 of the Complaint.

\*        \*        \*

In response to the "WHEREFORE" section of the Complaint and including items A through F, Defendant denies, generally and specifically, that Plaintiff is entitled to judgment against, or any relief from, Defendant.

## AFFIRMATIVE DEFENSES

By asserting the defenses below, Defendant does not allege or admit that he has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Defendant admit that Plaintiff is relieved of its burden to prove each and every element of its claims and the damages, if any, to which it may be entitled.  As for his affirmative defenses, Defendant reasserts and reincorporates as if fully set forth herein his responses, above, to the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant.

### SECOND AFFIRMATIVE DEFENSE

12

All or part of Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

THIRD AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims are barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims are barred by the statute of limitations.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as duplicative of each other.

SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein, is barred by the doctrines of waiver, estoppel, and/or unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages allegedly incurred by Plaintiff, if any, were not the result of any acts, omissions or other conduct of Defendant, but instead were the result of acts, omissions or other conduct of others beyond Defendant's supervision or control.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's consent to, ratification of, or initiation of the acts, omissions or conduct complained of in this action, to the extent that such acts, omissions or conduct actually occurred.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to honor the relevant agreements under their terms, and Plaintiff's breaches thereof.

13

TENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported claim therein, is barred in whole or in part because Plaintiff has failed to mitigate or reasonably attempt to mitigate its alleged damages.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery for damages, if any, must be reduced in proportion to damages Plaintiff has suffered, if any, resulting from its contribution to those damages.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and/or payment.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the equities in this case weigh against the relief that Plaintiff seeks in the Complaint.

*     *     *

Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

[*SIGNATURE PAGE FOLLOWS*]

Dated: Brooklyn, New York
       August 27, 2024

**ABRAMS FENSTERMAN, LLP**

By: */s/ Justin T. Kelton*_____
      Justin T. Kelton
      Mordecai Geisler
      Lee T. Williams
      1 Metrotech Center, Suite 1701
      Brooklyn, NY 11201
      Tel: (718) 215-5300
      Fax: (718) 215-5304
      jkelton@abramslaw.com
      mgeisler@abramslaw.com
      lwilliams@abramslaw.com
      *Attorneys for Defendant*
      *Daniel Beyda*