# LAZAR GRUNSFELD ELNADAV LLP
## ATTORNEYS AT LAW

**GERRY GRUNSFELD, ESQ.**
(718) 947-7476
Gerry@lgelaw.com

June 22, 2026

Hon. Seth D. Eichenholtz
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**     *Parts Authority, LLC v. Beyda*, **No.1:23-cv-07656-NCM-SDE**

Dear Judge Eichenholtz:

I represent Defendant in this action and make the following motion in limine seeking an Order precluding Plaintiff from offering any evidence at trial in support of damages that it failed to disclose prior to the close of discovery.

### 1.     PLAINTIFF'S FAITHLESS SERVANT DAMAGES

Plaintiff's Second Cause of Action (*Dkt 1, ¶¶ 50-53*), seeks unspecified damages because Defendant allegedly acted as a faithless servant.

Plaintiff's Rule 26 Disclosure [*Exhibit 1, ¶3(a)*] seeks the following damages referable to its faithless servant claim:

Plaintiff has not finalized its calculation of damages, which is further subject to expert analysis, but discloses that it seeks at least:

a. disgorgement of all salary, bonuses, benefits, and all other compensation paid to Defendant during Defendant's employment by Plaintiff, in the amount of at least $175,831;

Defendant subsequently served an Interogatory demanding that Plaintiff enumerate its damages claims. Plaintiff's Interrogatory Response (*Exhibit 2*) failed to provide any additional enumeration of any claim above and beyond the $175,831:

herein), Plaintiff directs Defendant to Plaintiff's initial disclosures dated February 15, 2024 and its supplemental initial disclosure, dated September 11, 2024. Plaintiff further states that neither fact nor expert discovery is complete, including Plaintiff's demand for general ledgers and QuickBooks

1795 CONEY ISLAND AVENUE, SUITE 200 · BROOKLYN, NEW YORK 11230
P. (718) 659-1300 · F. (718) 998-1308

files that Beyda failed to produce in full in response to Plaintiff's document requests, and reserves

the right to supplement this response upon further production of documents by Defendant.

Plaintiff's supplemental September 11, 2024 disclosure (*Exhibit 3*) also failed to enumerate any additional damages. Furthermore, Plaintiff never served any further supplemental disclosures enumerating any additional damages.

In *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, 2018 U.S. Dist. LEXIS 8987, *4, 2018 WL 485980 (S.D.N.Y. 1018), the Court discussed the factors considered when considering a motion in limine to exclude evidence of damages at trial where the Plaintiff failed to enumerate such damages prior to the close of discovery:

> Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), each "party must, without awaiting a discovery request, provide to the other parties ... a computation of each category of damages claimed by the disclosing party." Where a party fails to comply with Rule 26(a), the "party is not allowed to use that information ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A court also "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). To determine whether preclusion under Rule 37(c)(1) is warranted, courts consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witnesses]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 118 (2d Cir. 2006) (internal quotation marks and citation omitted; brackets in original).

In *Port Auth.,* the Defendant submitted a motion in limine approximately four months prior to the trial date seeking to preclude Plaintiff from offering certain damages evidence that Plaintiff  only disclosed to Defendant after the discovery deadline.

> PAPBA's second explanation for not properly disclosing its damages is that, because its damages were ongoing, PAPBA could not have fully disclosed them in 2015. (Pis.' Opp'n, at 10.) This explanation fails because, even if PAPBA could not have provided a final computation of damages at the start of this litigation, [*8]  PAPBA still could have provided an estimate of the damages it had incurred as of 2015. PAPBA violated Rule 26(a)(1) by not providing any computation at all. See, e.g., US Bank Nat. Ass 'n v. PHL Variable Ins. Co., No. 12-CV-6811 (CM) (JCF), 2013 U.S. Dist. LEXIS 143398, 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013) (holding that where a party is not certain of its damages at the time disclosures are due, "the disclosing party still has the responsibility to provide each category of required disclosures based on the information it has at the time, and to supplement those disclosures as more information is gained"); 6-26 Moore's Federal Practice - Civil § 26.22 (2017). Id at *7.

2

The Court ruled that because there was still four months until the trial date, the prejudice to defendant could be cured without postponing the trial, by reopening discovery during the remaining time before trial. In this case however, it is clear that the appropriate remedy is to preclude any evidence of faithless servant damages beyond the $175k Plaintiff specified to date, because unlike in *Port Auth., h*ere, the Plaintiff has still failed to enumerate its alleged additional damages. Furthermore, in this case, given that the trial is in just three weeks, Defendant would not have an opportunity to conduct discovery on any additional damages without postponing the trial- something Plaintiff has repeatedly told the Court it is adamantly opposed to.

As such, in this case, the appropriate remedy to cure the prejudice to Defendant is to preclude it from making any claim to faithless servant damages other than the $175k it enumerated in its Rule 26 Disclosure.

## 2. PLAINTIFF'S CLAIM FOR ATTORNEYS FEES AND COSTS

Plaintiff's third cause of action seeks two million dollars for breach of contract damages. The Complaint provides no explanation as to where this number is derived from. *Dkt 1, ¶¶ 54-58.* Plaintiff's Rule 26 Disclosure [*Exhibit 1, ¶3]* does not specify any damages related to a breach of contract claim but does state generically that it is seeking at least one million dollars in attorneys fees and costs:

c. attorneys' fees and costs in the amount of at least $1,000,0000 incurred in connection with disputes arising from Plaintiff's termination of Defendant's employment on or about June 23, 2022, including all such fees and costs incurred in connection with the so-called "clean review protocol" as described in the Complaint, Plaintiff's defense of the New York County Action, and the prosecution of this action; and

Plaintiff's Interrogatory Response [*Exhibit 2, ¶14]*   does not provide any further enumeration of its alleged breach of contract damages.

Plaintiff should be precluded from offering any evidence at trial in support of its claim for (at least) a million dollars in attorneys' fees and costs because it has failed to provide any enumeration of such costs. It should also be precluded because such a claim would be futile because the Employment Agreement (*Exhibit 4*) does not contain an attorneys' fees provision. In fact, with respect to its claim for legal fees pertaining to the NYS action, the NYS Trial Court **awarded attorneys' fees to Defendant** in that case. *Exhibit 5.*

**Wherefore**, Defendant respectfully requests an  Order precluding Plaintiff from offering evidence at trial in support of claim for faithless servant damages in excess of $175,831 and precluding Plaintiff from offering evidence at trial in support of claim for attorneys fees and costs.

Respectfully submitted,

**s/ <u>Gerry Grunsfeld</u>**

LAZAR GRUNSFELD ELNADAV LLP