# LAZAR GRUNSFELD ELNADAV LLP
### ATTORNEYS AT LAW

GERRY GRUNSFELD, ESQ.
(718) 947-7476
Gerry@lgelaw.com

July 1, 2026

Hon. Seth D. Eichenholtz
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Parts Authority, LLC v. Beyda*, No.1:23-cv-07656-NCM-SDE**

Dear Judge Eichenholtz:

The undersigned writes in response to the Court's Order of June 30, 2026, directing that counsel submit case law discussing the propriety of granting a motion to withdraw on the eve of trial. The undersigned has filed an *ex parte* letter (*Dkt 104*) providing additional details regarding the reasons the application to withdraw has been made. Defendant respectfully believes that as per the cases cited below, based on the particular circumstances of the instant application as set forth in said letter, this application must be granted.

Irreconcilable differences of opinion are grounds for filing a motion to withdraw. See *Tactical Infrastructure S.A. v. Apex Energy Alt. Res., Inc*., 2025 U.S. Dist. LEXIS 250671, \*3, [S.D.N.Y. 2025] 24-cv-2307:

> "In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014). "Satisfactory reasons for withdrawal include . . . the existence of irreconcilable conflict between attorney and client." Id. at 445 (collecting cases); see also Allen v. Krucial Staffing, LLC, No. 20-CV-2859 (JGK), 2022 U.S. Dist. LEXIS 103807, 2022 WL 2106447, at \*1 (S.D.N.Y. June 9, 2022).

In *Whiting v. Lacara*, 187 F.3d 317, 1999 U.S. App. LEXIS 19952 (1999), the Second Circuit reversed the Trial Court's Decision which had denied an attorney's application to withdraw because it was made close to the time of trial. The Second Circuit ruled that under the circumstances, (serious and irreconcilable differences regarding trial strategy), the attorney's withdrawal should have been granted.

# LAZAR GRUNSFELD ELNADAV LLP
ATTORNEYS AT LAW

July 1, 2026
Page 2 of 4

In *Awolesi v. Shinseki*, 31 F. Supp. 3d 534, 539, 2014 U.S. Dist. LEXIS 98040, *9-10, 2014 WL 3546366 (2014) [N.Y.W.D. 2014], the Court granted a motion to withdraw as counsel a month prior to trial finding that unless the application was granted, counsel could run into ethical difficulties:

> Under those circumstances where the client has terminated the relationship, "by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions." Whiting, 187 F.3d at 321. Even where a local court rule requires a court order to withdraw, "when counsel has been discharged — and agreed to the termination — the order to withdraw should issue except under the most compelling circumstances." Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999); see also Allstate Ins. Co v. Nandi, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003)  [**10] (ordering that movants be withdrawn as attorneys of record where the plaintiff clearly discharged the attorneys)

The Court also agreed that the trial had to be postponed to give Plaintiff time to find new counsel:

> Here, given the approaching trial date and deadline for pretrial submissions, it would not be realistic for new counsel to become involved and be prepared by the August 11, 2014 trial date. Similarly, Plaintiff would not have sufficient time to prepare to proceed pro se. *Id. at *13*.

Here, although the request to withdraw counsel was initiated by counsel, Defendant does not object to this application provided that the trial is adjourned and all deadlines are stayed for at least 90 days to afford Defendant sufficient time to retain new counsel and for such counsel to become familiar with this complex matter. Defendant has already begun searching for new counsel. As in the authority cited above, given the imminent trial date and pending pretrial deadlines, it would not be realistic for new counsel to be retained and adequately prepared without such an adjournment and stay.

In *United States v. Jafari*, 24 F. Supp. 3d 291, 294, 2014 U.S. Dist. LEXIS 77565, *4, 2014 WL 2547603 [N.Y.W.D. 2014], the Court permitted defense counsel to withdraw on "the eve of trial" due a break down in the relationship between counsel and client:

> However, even though untimely, the Court determines  [**4] that withdrawal of counsel is appropriate due to the extent of the conflict between Defendant and Mr. Fogg, which would prevent an  [*294]  adequate defense. Generally,

# LAZAR GRUNSFELD ELNADAV LLP
### ATTORNEYS AT LAW

July 1, 2026
Page 3 of 4

where there is a conflict between a defendant and her counsel, new counsel is not required unless the "'conflict [is] so great that it result[s] in total lack of communication preventing an adequate defense.'" Simeonov, 252 F.3d at 241, quoting United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986); see also U.S. v. Baum, 380 F. Supp. 2d 187, 200 (S.D.N.Y. 2005), aff'd, 139 Fed. App'x 366 (2d Cir. 2005) (granting counsel's application for withdrawal over the defendant's objection, where defense counsel stated that the attorney-client relationship had been "irreparably damaged" over the weeks leading up to the defendant's guilty plea).

In *Behar v. City of New York*, 1999 U.S. Dist. LEXIS 5207, 1999 WL 212685 (1999) [S.D.N.Y. 1999] 98cv2635, counsel was permitted to withdraw on the eve of trial due a potential conflict of interest.

See also, *Guma v. City of Long Beach*, 2025 U.S. Dist. LEXIS 261152, *3, 2025 LX 550331, 2025 WL 3653504 [E.D.N.Y. 2025] :

A breakdown in attorney-client relationship provides sufficient grounds to grant a motion to withdraw. Papadatos v. Home Depot U.S.A., Inc., No. 21-CV-3208 (WFK) (JMW), 2022 U.S. Dist. LEXIS 104245, 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022); Lombardo v. JPMorgan Chase Bank, N.A., No. 20 CV 6813 (VB), 2024 U.S. Dist. LEXIS 204195, 2024 WL 4707937, at *3 (S.D.N.Y. Nov. 7, 2024) (deteriorated relationship presents "irreconcilable differences" that warrants withdrawal); Coreas v. Angeles Beauty Salon Inc., No. 25-CV-00604 (GRB) (JMW), 2025 U.S. Dist. LEXIS 128361, 2025 WL 2308862, at *2 (E.D.N.Y. July 7, 2025) (same).

And see, *Bullock v. Montefiroe Med. Ctr.*, 2026 U.S. Dist. LEXIS 1096, *3, 2026 LX 60381, 2026 WL 37309 [S.D.N.Y. 2026]:

Irreconcilable differences or a breakdown in the attorney-client relationship may be a basis to allow an attorney to withdraw. Allstate Ins. Co. v. Spina, No. 20 Civ. 1959 (KMK), 2020 U.S. Dist. LEXIS 245611, 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020);

As such, the undersigned respectfully believes that the application is warranted under the circumstances and should be granted, together with an adjournment of the trial and a stay of all deadlines for at least 90 days so that Defendant has sufficient time to retain and transition to new counsel.

# LAZAR GRUNSFELD ELNADAV LLP
### ATTORNEYS AT LAW

July 1, 2026
Page 4 of 4

Sincerely;

s/ Gerry Grunsfeld

Lazar Grunsfeld Elnadav LLP