# LAZAR GRUNSFELD ELNADAV LLP
### ATTORNEYS AT LAW

GERRY GRUNSFELD, ESQ.
(718) 947-7476
Gerry@lgelaw.com

July 6, 2026

Hon. Seth D. Eichenholtz
U.S.D.C.   E.D.N.Y.

**Re:**             ***Parts Authority, LLC v. Beyda*, No.1:23-cv-07656-NCM-SDE**

Dear Judge Eichenholtz:

I represent Defendant in this action and submit this opposition to Plaintiff's motion to preclude various fact witnesses.

After further review, Defendant has decided it will not call any of the witnesses Plaintiff objected to in *Dkt 97* other than Alex Buller and Rob Blitzstein.

Alex Buller

Defendant's portion of the proposed pre-trial Order names Ms. Buller as a potential witness because as well as acting as in-house counsel, Ms. Buller was directly involved in issues pertaining to accounts payable/accounts receivable and inventory. The attached e-mail from Ms. Buller (Exhibit A) is one of numerous e-mails that evidence her direct involvement in these issues, separate and apart from her role as in-house counsel.

Plaintiff had several conversations with Ms. Buller, both oral and via e-mail, that are relevant to the issue of whether Mr. Beyda's delay in forwarding certain payments to PA were intentional or not. For example, he asked Ms. Buller to link his Coney Island e-mail to the PA email system so that the PA would have automatic access to all of Mr. Beyda's e-mails. Mr. Beyda also asked Alex Buller to set up a dedicated bank account for export receivables so that the export customers could pay the PA directly rather than have their payments go into Coney Island's accounts which required Mr. Beyda to keep track of these payments and forward more than a thousand payments to the PA. These issues are highly relevant to defend and refute Plaintiff's claim that Mr. Beyda deliberately kept PA monies in his account and that he used it for personal items. More specifically, these issues are relevant to the absence of the badges of fraud that Defendant's expert Sean Tanner will testify to.

Defendant also believe that Ms. Buller would have discussed these conversations with other employees at PA and that such discussions would have been solely business-related and would not have included attorney-client protected legal advice. As such, Defendant has valid reasons for calling Ms. Buller.

Contrary to Plaintiff's claims, intent is a requirement in order to find that an employee was a faithless servant. See*, Phansalkar v. Andersen Weinroth & Co., L.P*., 344 F.3d 184, 204 (2d Cir. N.Y., 2004) (discussing the faithless servant standard):

> The record shows that Phansalkar intended for AW not to receive certain
> income and benefits, and to that end he not only withheld information from

1

AW but also declined the offer to AW of a Sync Board seat. The record also shows that Phansalkar intended to keep at least some of these benefits for himself -- because he **knowingly** received and retained them without ever disclosing them to AW.  In taking these actions, Phansalkar disregarded his affirmative duty to act in his employer's best interests. See Maritime Fish Prods., 474 N.Y.S.2d at 286. We find that Phansalkar **acted <u>with sufficient knowledge of his omissions, and their consequences</u>**, to warrant forfeiture under New York law. (emphasis added)

And see, *Carco Group, Inc. v. Maconachy*, 383 Fed. Appx. 73, 76-77, (2d Cir. 2010):

Here, the district court found that under either standard,  Maconachy was a faithless servant because of his self-dealing and **deception** in removing the name of a family member from employee records transmitted on a weekly basis to O'Neill.

We see no error in this determination. The **deception** in this case is plain…(emphasis added)

As such, Ms. Buller is a critical witness to refute Plaintiff's claims that Mr. Beyda was a faithless servant and/or that he breached his employment agreement with the PA.

<u>Rob Blitzstein</u>

Defendant's portion of the proposed pre-trial Order names Rob Blitzstein as a potential witness because Mr. Blitzstein supervised all of Mr. Beyda's purchases on behalf of the PA, and the two of them spoke and interacted on a regular basis during the course of Mr. Beyda's employment with the PA. Mr. Blitzstein is expected to provide testimony that will disprove Plaintiff's claim that Mr. Beyda refused to comply with the PA's employee policies. As such, Mr. Blitzstein is a critical witness to refute Plaintiff's claims that Mr. Beyda was a faithless servant and/or that he breached his employment agreement with the PA.

**Wherefore**, Defendant respectfully requests that the Court deny the portion of Plaintiff's motion that pertains to Ms. Buller and Mr. Blitzstein.

Respectfully submitted,

**s/ <u>Gerry Grunsfeld</u>**

LAZAR GRUNSFELD ELNADAV LLP

2