UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
PARTS AUTHORITY, LLC,

                              Plaintiff,                    **ORDER**
                                                          23-CV-7656 (SDE)

        - against -

DANIEL BEYDA,

                            Defendant.
--------------------------------------------------------------X
**SETH D. EICHENHOLTZ**, United States Magistrate Judge:

The Court rules on the parties' motions *in limine* as follows:

1.      **Defendant's motion [Dkt. No. 91] seeking to preclude evidence relating only to purported new claims is GRANTED in part and DENIED in part.** To the extent that Plaintiff intends to offer evidence in support of claims that are not properly before the Court, it may not. However, the Court does not find that any evidence listed in the JPTO goes exclusively to what Defendant contends are new issues. As such, the Court will not limit in advance the introduction of any of Plaintiff's evidence on this basis. Defendant may raise individual relevance objections as he sees fit during trial. Any disputes as to which issues are properly before the Court may be addressed in the parties' Proposed Findings of Fact and Conclusions of Law.

2. **Defendant's motion [Dkt. No. 92] to dismiss a conversion claim and dismiss any claim as to punitive damages, as well as Defendant's motion [94] to preclude evidence as to damages related to the faithless servant claim and attorneys' fees and costs, are DENIED without prejudice.** Issues of the viability of claims are not properly resolved at the motion *in limine* stage. The Court reserves decision as to the conversion and faithless servant claims, as well

1

as the propriety of awarding punitive damages and attorneys' fees, until it makes its findings after the conclusion of the trial.

**3. Plaintiff's motion [Dkt. No. 93] seeking to preclude re-litigating and introducing evidence on the question of spoliation is GRANTED in substantial part.[1]** "It is axiomatic that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 629 F. App'x 87, 88 (2d Cir. 2015) (quotation omitted). In New York, collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised" in a prior proceeding and "decided against that party whether or not the tribunals or causes of action are the same." *Stensrud v. Rochester Genesee Reg'l Transportation Auth.*, 669 F. Supp. 3d 186, 189–190 (W.D.N.Y. 2023), *aff'd,* 23-765, 2024 WL 2104604 (2d Cir. May 10, 2024) (quoting *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002)). New York courts apply collateral estoppel "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party] had a full and fair opportunity to litigate the issue in the earlier action." *Id.*

Based on the information presently before the Court, it appears the parties had a full and fair opportunity to litigate the issue of spoliation in New York state court. *See* Dkt. No. 93, Ex. A ("Dec. 7, 2023, Order, NYSCEF Index No. 656816/2022"). Further, Defendant had the opportunity to appeal that decision, and did so. *See Coney Island Auto Holdings, Corp. v. Parts Authority, LLC*, 231 A.D.3d 470 (1st Dep't 2024). Finally, it appears that the parties' interests in

---

[1] In his opposition to Plaintiff's motion [Dkt. No. 114], Defendant introduces an expert report from a new expert witness. To the extent Defendant intended this as a request to re-open discovery to permit the disclosure of this witness, that motion is denied.

that case regarding the spoliation issue are identical to the interests here.  As such, claim preclusion applies and Defendant is precluded from re-litigating the issue of the spoliation of e-mail messages at trial, except that Defendant may testify, if he chooses, that he did not engage in spoliation.

To the extent that Plaintiff asks the Court to draw an adverse inference from the alleged spoliation of evidence, that request is denied.  The parties will be permitted to argue the appropriate application of the finding of spoliation to the facts and the law of this case during trial and in their proposed findings of fact and conclusions of law.

The Court intends to issue a detailed decision on this issue in its written findings reached after conclusion of the trial.

4.      **Plaintiff's motion [Dkt Nos. 96 – 97] to preclude certain witnesses is GRANTED in part and DENIED in part.**  The motion is granted as to Evan Eildstein, Howard Cohen, Robert McManus, Eric Stone, Jim Hopkins, Lisa Tanzi, Daniel Gimmel, and Joey Kaplan, all of whom Defendant has agreed to withdraw in his opposition [Dkt. No. 109] to the motion. The motion is denied as to Alex Buller and Rob Blitzstein, who Defendant will be permitted to call.  Plaintiff may make relevance objections as it deems appropriate during these individuals' testimony, and the Court will address those objections at that time.

In light of these rulings, the parties are directed to meet and confer and, on or before **August 10, 2026**, submit a joint status letter providing a revised list of witnesses who each side may call during trial.

    **SO ORDERED.**
Dated: Brooklyn, New York
      July 9, 2026

/S/  *SETH D. EICHENHOLTZ*
SETH D. EICHENHOLTZ
United States Magistrate Judge
Eastern District of New York

3